JAYE G. HEYBL (CA Bar No. 167,110)
COREY A. DONALDSON (CA Bar No. 280,383)
KOPPEL PATRICK HEYBL & PHILPOTT
2815 Townsgate Road, Suite 215
Westlake Village, California  91361
Telephone: (805) 373-0060
Facsimile: (805) 373-0051
jheybl@koppelpatent.com
cdonaldson@koppelpatent.com

Attorneys for Plaintiff
CABEAU, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| CABEAU, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>ATOMI, INC., a New York corporation, and DOES 1-10 inclusive,<br><br>Defendant. | **CASE NO. 2:15-CV-00303**<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:**<br><br>(1) **PATENT INFRINGEMENT [35 U.S.C. § 271];**<br>(2) **FEDERAL UNFAIR COMPETITION AND TRADE DRESS INFRINGEMENT [15 U.S.C. § 1125(a)]; and**<br>(3) **COMMON LAW UNFAIR COMPETITION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Cabeau, Inc. ("Cabeau" or "Plaintiff"), for its complaint against defendant Atomi, Inc. ("Atomi" or "Defendant"), alleges as follows:

## PARTIES

1. Plaintiff Cabeau, Inc. is a corporation duly organized and existing under the laws of the State of California, with a principal place of business located at 5850 Canoga Avenue, Suite 100, Woodland Hills, California 91367.

2. On information and belief, Defendant Atomi, Inc. is a New York corporation having a place of business at 10 W. 33 Street, Suite 520, New York, New York 10001.

3. Defendants Does 1-10, inclusive, are sued herein under fictitious names. Their true names and capacities are unknown to Cabeau. When their true names and capacities are ascertained, Cabeau will amend this complaint by inserting their true names and capacities. Cabeau is informed and believes and thereon alleges that each of Does 1-10 is responsible in some manner for the occurrences alleged herein and that Cabeau's damages have been and are being proximately caused by such defendants.

## JURISDICTION AND VENUE

4. Jurisdiction in this Court arises under the patent laws of the United States, 35 U.S.C. §§ 271, 281, and 289, and the provisions of 15 U.S.C. §§ 1121 and 1125. This complaint also alleges violations of state law and common law. This Court has jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a), 1338(b), 1367(a), and 1400(b).

5. This Court has personal jurisdiction over Defendant because it has committed one or more of the infringing acts complained of herein in California and in this district, it has sales outlets in California and in this district, and it does regular business in California and in this district. This Court has personal jurisdiction over Defendant because, among other things, Defendant conducts business in the State of California and in this judicial district and thus enjoys the privileges and protections of California law.

6. Venue in this Court is proper at least under the provisions of 28 U.S.C. §§

1391(b) and 1391(c) because a substantial part of the claims arose in this district.

## BACKGROUND

7. This is an action for design patent infringement, trade dress infringement, and unfair competition.

8. Cabeau is a multi-million dollar leader in the travel product industry. Cabeau's flagship product is the EVOLUTION® PILLOW, one of the best-selling travel pillows worldwide.

9. Cabeau is the owner, by assignment, of United States Design Patent No. D619,402 ("the '402 Patent") titled "Travel Pillow." The '402 Patent was duly and legally issued by the United States Patent and Trademark Office on July 13, 2010. A true and correct copy of the '402 Patent is attached as Exhibit A.

10. As the owner of the '402 Patent, Cabeau is authorized and has standing to bring legal action to enforce all rights arising under the '402 Patent.

11. Defendant has been, and presently is, willfully infringing the '402 Patent by making and selling pillows that embody the patented invention claimed by the '402 Patent.

12. In order to identify its pillow as emanating from a single source, Cabeau created a new and unique trade dress embodied by the EVOLUTION® PILLOW.

13. Trade dress embodied by the EVOLUTION® PILLOW is shown in comparison to Defendant's ULTIMATE PILLOW below:

///
///
///
///
///
///
///
///

| Cabeau EVOLUTION® PILLOW | Atomi ULTIMATE PILLOW |
|---|---|
|  | |

14. Defendant's ULTIMATE PILLOW infringes Cabeau's EVOLUTION® PILLOW trade dress. Defendant's conduct is likely to cause confusion, mistake, and/or deception among the general purchasing public. Defendant has profited and is profiting from such trade dress infringement and unfair competition.

## FIRST CAUSE OF ACTION

### (Design Patent Infringement, U.S. Des. Pat. No. D619,402)

15. Cabeau realleges and incorporates by reference the full text of all of the foregoing numbered paragraphs, photographs, figures, and tables as though each such paragraph, photograph, figure, and table has been fully set forth herein.

16. On July 13, 2010, the United States Patent and Trademark Office issued U.S. Des. Pat. No. D619,402 (hereinafter "the '402 Patent"). Effective as of the date of application, January 15, 2010, Cabeau is the owner of the entire right, title, and interest in and to the patent application and the '402 Patent issuing therefrom, as shown by the USPTO Assignment Database. *See* Exhibit B. The '402 Patent was duly and legally issued by the United States Patent and Trademark Office on July 13, 2010.

17. Cabeau's ownership of the '402 Patent includes without limitation the exclusive right to enforce the '402 Patent, the exclusive right to file actions based on

infringement of the '402 Patent, and the exclusive right to recover damages or other monetary amounts for infringement of the '402 Patent and to be awarded injunctive relief pertaining to the '402 Patent, and as such Cabeau has standing to bring legal action to enforce all rights arising under the '402 Patent.

18. Defendant has been, and presently is, infringing the '402 Patent within this judicial district and elsewhere by making, using, selling, offering to sell in, and/or importing into the United States travel pillows that embody the patented invention claimed by the '402 Patent. Such products include, by way of example and without limitation, Defendant's ULTIMATE PILLOW product. Defendant will continue to manufacture and sell its ULTIMATE PILLOW unless enjoined by this Court.

19. Defendant has had actual knowledge of the '402 Patent since at least as early as December 19, 2014. Defendant continues to, *inter alia*, make, sell, offer for sale in, and/or import into the United States infringing travel pillows, thus intending for its actions to result in infringement or disregarding an objectively high likelihood that such actions will result in infringement. Defendant's infringement is therefore willful.

20. On information and belief, Defendant has knowingly induced infringement, and has had specific intent to induce infringement of the '402 Patent by, *inter alia*, marketing, selling, supporting sales, and/or distributing infringing travel pillows. Defendant's customers, including without limitation manufacturers and retailers, directly infringe the '402 Patent by, *inter alia*, making, using, selling, offering to sell in, and/or importing into the United States infringing travel pillows.

21. The ULTIMATE PILLOW so closely resembles the invention claimed by the '402 Patent that an ordinary observer would be deceived into purchasing the ULTIMATE PILLOW in the mistaken belief that it includes the invention claimed by the '402 Patent. Defendant's ULTIMATE PILLOW infringes the '402 Patent in violation of 35 U.S.C. §§ 271 and 289.

22. Due to Defendant's infringement of the '402 Patent, Cabeau has suffered, is suffering, and will continue to suffer irreparable injury for which Cabeau has no adequate

1 | remedy at law. Cabeau is therefore entitled to a permanent injunction against Defendant's further infringing conduct.

23. Defendant has profited and is profiting from its infringement of the '402 Patent and Cabeau has been and is being damaged and losing profit by such infringement. Cabeau is therefore entitled to recover damages from the Defendant and the total profit derived from such infringement, all in amount to be proven at trial, together with interest and costs as fixed by the Court.

## SECOND CAUSE OF ACTION

### (EVOLUTION® PILLOW Trade Dress – Federal Unfair Competition and Trade Dress Infringement; 15 U.S.C. § 1125(a))

24. Cabeau realleges and incorporates by reference the full text of all of the foregoing numbered paragraphs, photographs, figures, and tables as though each such paragraph, photograph, figure, and table has been fully set forth herein.

25. Defendant makes, uses, sells, offers to sell, and/or imports a product, the ULTIMATE PILLOW, that includes similar packaging and a substantially identical design to Cabeau's EVOLUTION® PILLOW, which taken alone or in combination are likely to cause confusion among consumers and constitute trade dress infringement and unfair competition in violation of Lanham Act § 43(a), 15 U.S.C. § 1125(a).

26. Cabeau has acquired exclusive and protectable trade dress rights embodied in its EVOLUTION® PILLOW trade dress. By the acts and omissions set forth above, Defendant is violating Lanham Act § 43(a), 15 U.S.C. § 1125(a), and is unfairly competing with Cabeau.

27. Defendant's use in commerce of the EVOLUTION® PILLOW trade dress on its ULTIMATE PILLOW constitutes a false designation of origin and a false and misleading representation of fact which is likely to cause confusion, and to cause mistake, and to deceive by wrongly suggesting that Defendant's ULTIMATE PILLOW has some affiliation, connection, or association with Cabeau. Such use by Defendant of Cabeau's EVOLUTION® PILLOW trade dress is also likely to cause confusion, and to

cause mistake, and to deceive as to the origin, sponsorship, or approval of Defendant's ULTIMATE PILLOW. Such use by Defendant of its ULTIMATE PILLOW constitutes trade dress infringement in violation of Lanham Act § 43(a), 15 U.S.C. § 1125(a).

28. Defendant has infringed, and continues to infringe, Cabeau's EVOLUTION® PILLOW trade dress. Defendant's ULTIMATE PILLOW infringes Cabeau's EVOLUTION® PILLOW trade dress.

29. Defendant's conduct is likely to cause confusion, mistake, and deception among the general purchasing public, and interfere with Cabeau's ability to sell and profit from its EVOLUTION® PILLOW product.

30. Defendant's conduct as described above is also likely to harm or extinguish the current ability of Cabeau's EVOLUTION® PILLOW trade dress to indicate that the product emanates from a single source. Defendant's conduct as described above harms the goodwill and reputation associated with Cabeau's EVOLUTION® PILLOW trade dress.

31. Cabeau has suffered, is suffering, and will continue to suffer irreparable injury for which Cabeau has no adequate remedy at law. Cabeau is therefore entitled to a permanent injunction against Defendant's further infringing conduct.

32. Defendant has profited and is profiting from such trade dress infringement and unfair competition, and Cabeau has been and is being damaged and losing profit by such infringement and unfair competition. Cabeau is therefore entitled to recover damages and profits from Defendants in an amount to be proved at trial as a consequence of Defendant's violations of Lanham Act § 43(a), 15 U.S.C. § 1125(a).

## THIRD CAUSE OF ACTION
### (Common Law Unfair Competition)

33. Cabeau realleges and incorporates by reference the full text of all of the foregoing numbered paragraphs, photographs, figures, and tables as though each such paragraph, photograph, figure, and table has been fully set forth herein.

///

34. Defendant is willfully, fraudulently, oppressively, maliciously, and unlawfully attempting to pass off, and is passing off, its infringing pillows as those approved and/or authorized by Cabeau.

35. Defendant's use in commerce of the ULTIMATE PILLOW continues to confuse and deceive consumers as to the source and origin of the goods and services for which Cabeau has invested substantial time, effort, and money in developing, and further damages Cabeau's goodwill and reputation.

36. Defendant has been palming off its goods as Cabeau's goods. Consumers have been and continue to be confused as to whether Defendant's ULTIMATE PILLOW is affiliated with Cabeau.

37. The damage suffered by Cabeau is irreparable and will continue unless Defendant is restrained by this Court from the commission of these acts.

38. Defendant's willful, deliberate, and malicious conduct constitutes unfair competition with Cabeau.

39. Such conduct by Defendant is the sole reason for Defendant's ability to market and sell its unauthorized copies of pillows that embody Cabeau's EVOLUTION® PILLOW trade dress.

40. Defendant is being unjustly enriched through such flagrantly unlawful conduct and should be punished therefor.

41. Cabeau has no adequate remedy at law in that the continuing nature of the unfair competition will result in irreparable harm to Cabeau should Defendant not be enjoined from its acts of unfair competition.

42. A complete recitation of the damages suffered by Cabeau as a result of this unfair competition must await discovery of Defendant's books and records.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Cabeau, Inc. prays for relief as follows:

1. A judgment declaring that Defendant has:
    a. infringed Cabeau's '402 Patent;

      b.    infringed Cabeau's EVOLUTION® PILLOW trade dress;

      c.    competed unfairly with Cabeau;

      d.    injured Cabeau's business reputation by the unauthorized use of Cabeau's EVOLUTION® PILLOW trade dress;

      e.    willfully violated applicable laws of the United States and of the states where Defendant's goods have been sold, all to the detriment of Cabeau;

2.    That the Defendant, its officers, agents, servants, employees, attorneys, assigns, and all persons in active concert with or participation with them be forthwith permanently enjoined and restrained from:

      a.    infringing or inducing infringement of Cabeau's '402 Patent;

      b.    infringing or inducing infringement of Cabeau's EVOLUTION® PILLOW trade dress;

      c.    using Cabeau's EVOLUTION® PILLOW trade dress alone or in combination with any other elements, to advertise or identify Defendant's goods or services;

      d.    unfairly competing with Cabeau in any manner whatsoever;

      e.    causing likelihood of confusion, or injury to Cabeau's business and to the reputation of Cabeau's marks, symbols, trade dress, labels, or forms of advertising or promotion;

      f.    engaging in any acts or activities directly or indirectly calculated to trade upon Cabeau's EVOLUTION® PILLOW trade dress or the reputation or goodwill of Cabeau, or in any way to compete unfairly with Cabeau;

3.    For a judgment directing that any pillows, goods, labels, emblems, and/or packaging in the possession or under the control of Defendants which infringe the '402 Patent, or any colorable imitation thereof, but not emanating from Cabeau, be delivered up and destroyed within 10 days of

entry of judgment, and that all instrumentalities used in the production of such pillows, goods, labels, emblems, or packaging, including any and all items, objects, tools, machines, mold, and equipment used in such production, be delivered up and destroyed within 10 days of entry of judgment;

4. For a judgment directing Defendant to recall all infringing goods and any other materials sold, distributed, advertised, or marketed which infringe any and all of the '402 Patent, or any colorable imitation or facsimile thereof, but not emanating from Cabeau;

5. For a judgment against Defendant awarding Cabeau damages, lost profits, reasonable royalties, and other monetary amounts including without limitation:

    a. all damages sustained by Cabeau as a result of Defendant's unlawful infringement of the '402 Patent, together with appropriate interest on such damages and that such damages be trebled, pursuant to 35 U.S.C. § 284;

    b. Defendant's total profit from Defendant's sales of pillows that infringe the '402 Patent, and all other remedies provided by 35 U.S.C. § 289;

    c. all remedies provided for by 15 U.S.C. § 1117(a), including but not limited to all damages sustained by Cabeau as a result of Defendant's unlawful infringement of Cabeau's EVOLUTION® PILLOW trade dress, together with appropriate interest on such damages, and that such damages be trebled;

    d. all remedies provided for by 15 U.S.C. § 1117(a), including but not limited to all profits derived by Defendant from the sale of goods by the direct or indirect use of any pillow that embodies Cabeau's EVOLUTION® PILLOW trade dress or any colorable imitations or facsimiles thereof, and that such profits be trebled;

  e. all damages sustained by Cabeau on account of unfair competition, lost business opportunities, and any other damage suffered by Cabeau as a result of Defendant's acts described in this complaint, and that such damages be trebled;

6. For an order directing Defendant to pay punitive damages to Cabeau;

7. For an order directing Defendant to pay restitution to Cabeau;

8. For an award of attorneys' fees pursuant to 35 U.S.C. § 285 and pursuant to 15 U.S.C. § 1117;

9. For an award of pre-judgment interest at the maximum rate allowed by law;

10. For the costs of suit herein; and

11. For such additional further relief that the Court may deem just and proper under the circumstances.

              Respectfully submitted,

DATED: 14 January 2015

          By: /s/ Corey A. Donaldson
             Jaye G. Heybl
             Corey A. Donaldson
             KOPPEL PATRICK HEYBL & PHILPOTT
             2815 Townsgate Road, Suite 215
             Westlake Village, California 91361
             Telephone: (805) 373-0060
             Facsimile: (805) 373-0051
             jheybl@koppelpatent.com
             cdonaldson@koppelpatent.com

             Attorneys for Defendant
             CABEAU, INC.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF AND DEMAND FOR JURY TRIAL

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and Local Rule 38-1, Plaintiff Cabeau, Inc. hereby demands a trial by jury of any and all issues triable of right by a jury pursuant to the Seventh Amendment to the United States Constitution or as given by a statute of the United States.

DATED: 14 January 2015

By: /s/ Corey A. Donaldson
    Jaye G. Heybl
    Corey A. Donaldson
    Attorneys for Defendant
    KOPPEL PATRICK HEYBL & PHILPOTT
    2815 Townsgate Road, Suite 215
    Westlake Village, California  91361
    Telephone: (805) 373-0060
    Facsimile: (805) 373-0051
    jheybl@koppelpatent.com
    cdonaldson@koppelpatent.com

    Attorneys for Defendant
    CABEAU, INC.